UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LEWAYNE MONTEZ BROWN,                                                    Plaintiff,

v.                                                        Civil Action No. 3:20-cv-13-DJH

TERRI A. KING *et al.*,                                                  Defendants.

* * * * *

**<u>MEMORANDUM OPINION</u>**

Plaintiff LeWayne Montez Brown filed this *pro se* civil action on a general complaint

form.  Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint

pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons that follow, the Court will dismiss this

action.

**I.**

Plaintiff names the following as Defendants in this action – Terri A. King; Ms. Judge

Angela Johnson; "Child Support Office".

Under the "Basis for Federal Question Jurisdiction" section of the complaint form,

Plaintiff writes, "Terri King never had a case # some how was able to cross my child support.

My check garnished left me with no check or very short.  Money laundering . . . ."

In the "Amount in Controversy" section of the complaint form, Plaintiff writes, "$25.08

an hour. I made 16,892.23 2018: damage 2019.  50,000 mentally damage $150,000 amount at

stake."

In the "Statement of the Claim" section of the complaint, Plaintiff states: "Money damage

using court room #401 as well as the child support office my job to intentionally to financially,

mentally bother me. Mentally exhausted: civil right: fair trial: the ensuring of peoples physical and mental integrity."

In the "Relief" section of the complaint, Plaintiff writes, "Inflicting difficult to survive Terri King had my pay check garnished. Not working making $25.08 (16,892.23) as well as mental 40.3: my money has been damages."

## II.

On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although courts are to hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Upon the Court's review of the complaint, the Court finds that it does not state coherent allegations to establish the Court's jurisdiction, to show that Plaintiff is entitled to relief, or to state any claim for the relief sought. The complaint, therefore, fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and fails to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2).

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The complaint meets this standard as well.

## III.

For the foregoing reasons, this action will be dismissed by separate Order.

Date: January 27, 2020

**David J. Hale, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4415.011